| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO: |

| | |
|---|---|
| ANGELA MULLEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM MITCHELL, and ) | |
| MJC ACQUISITION, LLC d/b/a ) | |
| MATILDA JANE CLOTHING ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Angela Mullen ("**Angela**"), by counsel, and brings the following Complaint for Damages against William Mitchell ("**Mitchell**"), and MJC Acquisition, LLC d/b/a Matilda Jane Clothing ("**MJC**" or "**Company**" collectively, "**Defendants**"), for: (1) Negligent Hiring, Retention, and/or Supervision of Mitchell; (2) Negligent Infliction of Emotional Distress; (3) Intentional Infliction of Emotional Distress; (4) Hostile Work Environment under Title VII for Sex Based Discrimination (42 U.S. Code 2000e et seq.); (5) Wrongful Constructive Discharge under Title VII for Sex Based Discrimination (42 U.S. Code 2000e et seq.); (6) Violation of the Indiana Civil Rights Act (Ind. Code 22-9-1-3(1)); and (7) Violation of the U.S. Age Discrimination in Employment Act (29 U.S. Code § 621). In support, Angela states as follows:

### PARTIES

1. Angela is a woman over forty years of age who is a resident of and is domiciled in Allen County, Indiana.

2. Mitchell at all relevant times was the Chief Financial Officer of MJC.

3. MJC is an Indiana company, registered with the Indiana Secretary of State, and located at 3619 Centennial Drive, Fort Wayne, IN 46808.

4. MJC is owned by Webster Equity Partners, located at, 1000 Winter Street, Waltham, Massachusetts, 02451. David Malm is the Managing Partner of Webster Equity Partners.

## JURISDICTION

5. Angela's claims are brought under Title VII, The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.; the Age Discrimination in Employment Act, 29 U.S. Code §§ 621 and 610; the Indiana Civil Rights Act, IC § 22-9-1-3, and pursuant to Indiana common law. As such, this case presents questions of federal law and this court has jurisdiction pursuant to 28 U.S.C.A. § 1331.

6. A substantial part of the actions or omissions giving rise to the claims set forth herein occurred in this judicial district, and MJC is registered in and regularly conducts business in Indiana. Therefore, under 28 U.S.C. §94(a)(1) and §1391(b), the proper venue for this cause of action is in this Court.

## FACTS COMMON TO ALL COUNTS

7. Angela was employed in the Accounts Receivable department with MJC from July 6, 2016, until she was wrongfully constructively discharged on January 3, 2020.

8. The owner and operator of MJC is Webster Equity Partners, managed by David Malm, and located at 1000 Winter Street, Waltham, Massachusetts, 02451.

9. Mitchell had day-to-day interaction with all Finance Division employees, of MJC including Angela, during Angela's employment with MJC. Mitchell also possessed the ability to

make decisions regarding the financial/economic aspect of Angela's employment, including the ability to fire her.

10. On information and belief MJC collectively has 50 or more employees.

11. At the time Angela was constructively terminated, she was the Accounts Receivable Manager for MJC. Since Angela started working at MJC, MJC had not officially reprimanded or otherwise disciplined her during her employment at MJC. In fact, prior to Mitchell's arrival at MJC, Angela received only laudatory evaluations.

12. Since Mitchell's first day with MJC in May 2019, he consistently acted disdainfully, aggressively, and angrily toward female employees of MJC; he created a hostile work environment for female employees of MJC in general, and for Angela in particular. Mitchell purposely intimidated and singled-out Angela by routinely, repeatedly, and publicly and privately verbally abusing her, that is, by inappropriately shouting at her and by directing loud, profane, and aggressive emotional outbursts and overreactions at her. These outbursts included repeatedly yelling at her, "You're replaceable!"; thereby, threatening to fire her.

13. Angela's first meeting with Mitchell occurred on May 21, 2019. During this meeting Mitchell spoke hyper-aggressively to Angela and repeatedly emphasized his power and authority. The effect was to communicate that Mitchell demanded *compliance*, and did not respect Angela's experience as a highly skilled and highly trained professional. Angela found Mitchell's actions and demeanor at the first meeting to be so inappropriate and disturbing that she immediately began a log to document their interactions.

14. Angela's second meeting with Mitchell occurred on May 24, 2019. At this meeting Angela tactfully broached the subject of Mitchell's aggressive demeanor, at which point

he stood up and loomed over her, shouting "You are replaceable!", in a raised voice and clenched fists. He then chastised Angela for not using the meeting to "impress him".

15. Thereafter, Mitchell perpetuated this threatening disposition by frequently standing up and looming over Angela in an intimidating way while she sat beneath him and he shouted or spoke very loudly down to her at close proximity.

16. On several occasions Mitchel abruptly terminated his ferocious speech in response to Angela's statements and simply stared at her for protracted periods of time. The effect of this behavior was to aggravate Angela's perception of Mitchell's volatility, and to heighten her anxiety by virtue of Mitchell's display of unpredictable and threatening behavior. On several occasions Mitchell silently approached Angela's desk from behind and stared at her through a glass window for several minutes without speaking.

17. In response to Angela's questions or other initiation of conversation, Mitchell would respond by shouting at Angela, often in public workspace, and wildly gesticulate toward her face. Mitchell frequently used these interactions as an opportunity to angrily blame the MJC's current financial issues upon Angela, based on matters that were outside of her control and scope of duties.

18. On multiple occasions Mitchell excluded Angela from receiving information that was essential to the performance of her job. He refused to tell Angela of major procedural or policy changes of the company. In particular, on December 5, 2019, Angela learned that not only had MJC altered the way it billed, but also changed its fiscal policies and procedures. This information was critical to Angela's ability to perform her work. When Angela asked Mitchell in the presence of other staff, why this critical information was not timely told to her, Mitchell loudly and vehemently objected to Angela speaking about the matter in front of other staff. This

volatile outburst was witnessed by two other staff members. Mitchell sought to impose such constraints on Angela so as to isolate her and make himself her sole source of information and sole contact with other staff members. Mitchell used his authority and power to isolate Angela and make her ineffectual. Angela brought Mitchell's treatment of her to the attention of the then Human Resources Director, Dawn Black. Dawn said that she would address Mitchell's treatment of Angela with him. However, Mitchell subsequently did not change his behavior or attitude toward Angela. Dawn Black soon resigned from MJC.

19. Instead, Mitchell continued to make unreasonable and irrational demands of Angela, such as prohibiting her from replying to emails that were sent to her from salespersons and other employees. Furthermore, Mitchell demanded that Angela first send all emails through him for review and approval. Angela questioned this directive because she received approximately 1500 emails each month; Mitchell became irate at Angela.

20. On December 13, 2019, Angela met with the new Human Resources Director, Jill Carmody. Angela told Jill about her anxiety of working with Mitchell, specifically about Mitchell's visceral and emotional interactions and reactions to basic business transactions caused Angela to suffer physical and emotional upset. Angela told Jill she believed Mitchell was setting her up for failure by not providing indispensable information that directly related to her job. Angela confessed that she was so intimidated by Mitchell's overreactions that she tried to avoid all interaction with Mitchell. Jill told Angela that she would discuss Mitchell's treatment of her.

21. On December 16, 2019, during a meeting with Mitchell, and MJC staff members Kathryn Gallogly and Adam Beltz, Angela attempted to dissuade Mitchell from implementing a certain questionable procedure for MJC salespersons. Mitchell yelled at Angela, "[i]t is not your place to offer your opinion!" Angela asked Mitchell to stop yelling at her. Mitchell, with

clenched fists, then icily stared at Angela for several seconds without speaking. After Angela left the meeting, Adam approached Angela and expressed his dismay, sympathy, and confusion as to why Mitchell treated her and other woman at MJC so badly. He said Mitchell "does not speak rudely or unprofessionally to male employees at MJC", or words to that affect. Instead, Mitchell engages in the above described behaviors exclusively only when interacting with older women, particularly, Angela. As such, male employees at MJC enjoy more favorable treatment as compared to women, and Angela in particular.

22. Angela again brought Mitchell's words and actions to the attention of MJC's new Human Resources Director Jill Carmody. In response, Jill said she would address Mitchell's treatment of her with Mitchell. When Angela followed up with Jill about Mitchell's treatment of her, Jill asked Angela, "Do you want me to ask about a severance package?" Instead of addressing William Mitchell's wholly inappropriate and unprofessional behavior, as is required under MJC's Employee Handbook concerning harassment, intimidation, and misconduct, William Mitchell, as the senior ranking MJC officer at the Fort Wayne facility, directed the termination of Angela's employment at MJC by strongly advocating that Angela accept a severance. On January 3, 2020, Director Jill Carmondy called Angela to her office and told her that William Mitchell had fired her, as she offered a meager severance.

23. Mitchell's aggression, negative comments, and adverse employment actions directed toward Angela are motivated by, or are substantially influenced by her age. Similarly situated employees under the age of forty enjoy more favorable treatment as compared to Angela.

24. Since Mitchell's arrival at MJC in May 2019, Angela has suffered significant anxiety, fear for her emotional and economic safety, and emotional distress. Angela was

physically unable to continue to work for Mitchell and in fact, his mistreatment of her has had such an adverse and profoundly negative affect, that she may now be unemployable for the foreseeable future. Angela has suffered the loss of her annual income, benefits, as well as harm to her mental and physical well-being.

25. Mitchell directed these aggressive and disruptive behaviors toward Angela, and ultimately fired her, because of her status as an older woman. That is, a woman over the age of forty.

26. Angela filed a Charge with the EEOC Indianapolis Division, as well as a complaint with the Indiana Civil Rights Commission, on January 20, 2020, shortly after being Wrongful Constructive discharged from MJC.

27. Based upon the foregoing facts, Mitchell and MJC have injured Angela and caused her to suffer damages in an amount to be determined at trial.

### COUNT I
### NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION OF MITCHELL
(As to MJC)

28. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

29. MJC had a duty to discipline and/or terminate the employment of employees who engaged in discriminatory conduct and/or fostered a hostile workplace.

30. In the exercise of reasonable diligence, MJC knew or should have known of the danger that Mitchell posed to the economic well-being and safety of Angela and that he acted in a discriminatory manner towards Angela. Indeed, MJC was explicitly informed by Angela on several occasions about Mitchell's acts of gender and age discrimination, sexual harassment, verbal assaults, and fostering a hostile work environment at MJC.

31. MJC violated its duty when it knew or should have known of Mitchell's discriminatory misconduct toward Angela, knew or should have known that it had a duty not to tolerate Mitchell's actions or foster the hostile and discriminatory work environment that Mitchell created at MJC, and it did nothing to prevent the recurrence of Mitchell's harmful discriminatory conduct toward Angela.

WHEREFORE, Plaintiff Angela Mullen prays for judgment in her favor, awarding her compensatory and punitive damages, in an amount that is just and proper, together with attorneys' fees, interests for William Mitchell's malicious, intentional, and reckless wrongful discharge and discrimination, and MJC's tolerance of his misconduct, and the consequent economic, physical, and emotional harm to Plaintiff Angela Mullen, for the costs of this action, and for all other just and proper relief in the premises.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(As to Mitchell and MJC)

32. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

33. As shown by the facts described in the preceding paragraphs of this Complaint, the outrageous and harmful conduct of Mitchell toward Angela, including his wrongful discrimination against and constructive termination of Angela, and MJC's tacit approval of Mitchell's misbehavior, directly and adversely impacted Angela in the form of significant emotional distress. (*See Alexander v. Scheid*, 726 N.E.2d 272, 283 (Ind. 2000) (negligent actions need not impact in a physical manner as long as there is some associated significant emotional distress).

34. Mitchell knew he had a duty not to discriminate against Angela because she was a woman and because of her age, and to treat her equally as he treated all other non-female, younger, and similarly-situated employees.

35. MJC is responsible for the negligent actions of Mitchell through the doctrine of *respondeat superior* as MJC knew or should have known of Mitchell's discriminatory misconduct toward Angela, knew or should have known that it had a duty not to tolerate Mitchell's actions or foster the hostile and discriminatory work environment that Mitchell created at MJC, and violated its duty when it did nothing to prevent the recurrence of Mitchell's harmful discriminatory conduct toward Angela.

36. As a result of Mitchell's misconduct, and MJC's toleration of Mitchell's misconduct, Angela consequently suffered grievous injury and emotional distress with physical manifestations, including but not limited to: sleeplessness, anxiety about her career, loss of confidence, loss of appetite, depression, feeling downgraded, loss of enjoyment of life, fear, and the like.

WHEREFORE, Plaintiff Angela Mullen, by counsel, respectfully requests this Court enter judgment in her favor and against Defendants, for compensatory and punitive damages in an amount to be determined at trial, for the costs of this action, and for all other just and proper relief in the premises.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(As to Mitchell and MJC)

37. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

38. As shown in the preceding paragraphs of this Complaint, Mitchell's intentional, calculated, and systematic discrimination of Angela due to her gender and age, is outrageous conduct, which resulted in grievous and emotional injuries Angela, causing her damage including but not limited to: sleeplessness, loss of appetite, stress, depression, loss of confidence in his career, and loss of enjoyment of life. Mitchell's outrageous conduct was intentionally perpetrated against Angela because she is a woman and is over the age of forty.

39. MJC is responsible for the actions of Mitchell through the doctrine of *respondeat superior* as MJC knew or should have known of Mitchell's discriminatory misconduct toward Angela, knew or should have known that it had a duty not to tolerate Mitchell's actions or foster the hostile and discriminatory work environment that Mitchell created at MJC, and violated its duty when it did nothing to prevent the recurrence of Mitchell's harmful discriminatory conduct toward Angela.

40. As a result of the intentional outrageous actions of Mitchell, and MJC's toleration of Mitchell's misconduct, Angela has suffered the grievous injuries noted above including, but not limited to, emotional distress with physical manifestations.

WHEREFORE, Plaintiff Angela Mullen, by counsel, respectfully requests this Court enter judgment in her favor and against Defendants, for compensatory and punitive damages in an amount to be determined at trial, for the costs of this action and for all other just and proper relief in the premises.

## COUNT IV
## HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII FOR SEX BASED DISCRIMINATION (42 U.S. Code 2000 et seq.);
### (As to Mitchell and MJC)

41. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

42. As shown by the facts in the preceding paragraphs of this Complaint, Mitchell and MJC had a legal obligation to provide a non-hostile and non-discriminatory workplace to Angela and other MJC employees.

43. Title VII, The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. explicitly prohibits discrimination in the workplace based on one's gender.

44. In accordance with 42 U.S.C.A. § 2000e et seq. Angela filed a Complaint of Discrimination with the EEOC on January 20, 2020, against Mitchell and MJC for, *inter alia*, discrimination on the basis that Angela is a woman. (A copy of the file-stamped Complaint of Discrimination is attached hereto as Exhibit "**A**"). The EEOC issued a Notice of Right to Sue on September 8, 2020. (A copy of the Notice of Right to Sue is attached hereto as Exhibit "**B**").

45. During the time of her employment at MJC, Angela was frequently and routinely disparately treated, the subject of aggressive conduct and other acts, such as staring and stalking, all done with an intent to thwart her ability to perform her job. These discriminatory acts severely and pervasively altered Angela's conditions of employment and created an abusive working environment at MJC.

46. As shown by the facts described in the preceding paragraphs of this Complaint, Mitchell willfully, knowingly, and/or intentionally discriminated against Angela because of her gender and age.

47. Angela notified MJC of the foregoing described discriminatory conduct.

48. MJC failed to remedy the discriminatory conduct.

49. Therefore, Mitchell and/or MJC violated Title VII, The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.

50. Mitchell and MJC have consequently injured Angela and caused her to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Angela Mullen, by counsel, respectfully requests this Court enter judgment in her favor for compensatory and punitive damages against Defendants, in an amount to be determined at trial, for the costs of this action, and for all other just and proper relief in the premises.

## COUNT V
## WRONGFUL CONSTRUCTIVE DISCHARGE
## UNDER TITLE VII FOR SEX BASED DISCRIMINATION (42 U.S. Code 2000 et seq.);
### (As to Mitchell and MJC)

51. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

52. As shown by the facts described in the preceding paragraphs of this Complaint, Mitchell and MJC willfully, knowingly, and/or intentionally discriminated against the Angela because of her gender and age.

53. Title VII, The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. explicitly prohibits discrimination in the workplace based on one's gender.

54. In accordance with 42 U.S.C.A. § 2000e et seq., Angela filed a charge with the EEOC on January 20, 2020, against Mitchell and MJC for, *inter alia,* discrimination on the basis of gender. (*See* Exhibit A.)

55. As described in the preceding paragraphs of this Complaint, Mitchell intentionally, maliciously, and recklessly Wrongful Constructive discharged Angela from her employment with MJC due to her gender as a woman.

56. Angela notified Mitchell and MJC of Mitchell's discriminatory conduct toward Angela. MJC did nothing to stop Mitchell's unlawful conduct and intercede on Angela's behalf.

57. MJC failed to remedy Mitchell's discriminatory conduct toward Angela.

58. As a result of the foregoing described discriminatory conduct, Mitchell made the work environment at MJC intolerable for Angela as Mitchell impeded and prohibited Angela from performing her job duties for several months before Mitchell wrongfully constructively terminated her.

59. Mitchell and MJC have consequently injured Angela and caused her to suffer damages in an amount to be determined at trial.

60. Therefore, Mitchell and MJC violated Title VII, The Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.

61. Angela incurred mental anguish, expenses, and costs, including attorney's fees and court costs, associated with her wrongful termination.

WHEREFORE, Plaintiff Angela Mullen prays for judgment in her favor awarding her compensatory and punitive damages in an amount just and proper together with attorney's fees, interests for William Mitchell's malicious, intentional, and reckless wrongful discharge and discrimination against Plaintiff, with MJC's tacit approval and consent, for the costs of this action, and for all other just and proper relief in the premises.

### COUNT VI
### U.S. AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S. Code § 621 et seq.)

62. Plaintiff hereby incorporates by reference, each and every allegation set forth in the proceeding paragraphs of this Complaint as though fully set forth herein.

63. As shown by the facts described in the preceding paragraphs of this Complaint, Mitchell and MJC willfully, knowingly, and/or intentionally discriminated against the Angela because of her gender and age.

64. The Age Discrimination Act, found at 29 U.S. Code § 621 et seq., explicitly prohibits discrimination in the workplace based on one's age.

65. In accordance with the Act, Angela filed a charge with the EEOC on January 20, 2020, against William Mitchell and/or MJC for, *inter alia,* discrimination on the basis that Angela is over the age of forty. (*See* Exhibit A.)

66. As plead in his Charge, William Mitchell and/or MJC intentionally, maliciously, and recklessly created a hostile work environment, Wrongful Constructive discharged Angela from her employment with MJC, and took other adverse employment action against her due to her age.

67. At all times Angela met the expectations of her employer and adequately performed her job functions to the extent permitted by Mitchell's discriminatory obstruction. Other similarly situated employees of a younger age were not subjected to Mitchell's discriminatory behavior.

68. Angela notified William Mitchell and/or MJC of the foregoing described discriminatory conduct.

69. William Mitchell and/or MJC failed to remedy the discriminatory conduct

70. Mitchell and MJC have consequently injured Angela and caused her to suffer damages in an amount to be determined at trial.

71. Therefore, William Mitchell and MJC violated The Age Discrimination Act, found at 29 U.S. Code § 621 et seq.

72. Angela incurred mental anguish, expenses, and costs, including attorney's fees and court costs, associated with his wrongful termination.

WHEREFORE, Plaintiff Angela Mullen prays for judgment in her favor awarding her compensatory and punitive damages in an amount just and proper together with attorney's fees,

interests for William Mitchell's malicious, intentional, and reckless wrongful discharge and discrimination against Plaintiff, with MJC's tacit approval and consent, for the costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

**PODLASKI LLP**

/s/ Kevin P. Podlaski
Kevin P. Podlaski #25168-02
Nicholas A. Podlaski #32412-02
111 West Berry Street, Suite 211
Fort Wayne, Indiana 46802
Telephone: 260-782-1712
kevin@podlaskilegal.com
nick@podlaskilegal.com
*Attorneys for Plaintiff*

**COMPLAINT OF DISCRIMINATION**
State Form 42782 (R2 / 6-14)

**ICRC No.: EMag20040190**
**EEOC No.: 24F-2020-00871**

Date Received: APR 09 2020

Indiana Civil Rights Commission
100 North Senate Avenue, Room N103
Indianapolis, IN 46204
Telephone: (317) 232-2600
Toll free: (800) 628-2909

**INSTRUCTIONS:** Please type or print legibly.

Any person or representative aggrieved by a discriminatory practice or act contrary to the provisions of the Indiana civil rights laws may file a complaint with the Indiana Civil Rights Commission (ICRC). A complaint must be filed within one hundred eighty (180) days from the date of the last occurrence of the discriminatory act (except in housing cases). A complaint alleging a discriminatory housing practice must be filed within one (1) year from the date of the last occurrence.

### COMPLAINANT INFORMATION

Name (first, last): Angela Mullen
Home telephone number: ( )
Work telephone number: ( )
Mobile telephone number: (260) 579-5095
E-mail address: angie26coon@gmail.com
Address: 12018 Kimball Run Fort Wayne, IN 46845

### SECONDARY CONTACT INFORMATION
(in the event that we cannot reach you at the above contact)

Name (first, last): Micahel Muellen
Relationship: husband
Home telephone number: ( )
Work telephone number: ( )
Mobile telephone number: (260) 579-5003

### RESPONDENT INFORMATION

Name of respondent: Matilda Jane Clothing, MJC Acquisitions
Address: 3619 Centennial Drive Fort Wayne, IN 46808
Telephone number: (260) 424-3511
Mailing address: Webster Equity Group, 1000 Winter Street, Waltham, MN 02451

Number of employees (please check one only):
☐ 1-5  ☐ 6-14  ☑ 15 or more  ☐ N/A

### AREA OF DISCRIMINATION

I believe I have been discriminated against in the area of:
☐ Credit  ☐ Education  ☑ Employment  ☐ Public Accommodation  ☐ Housing

I believe I have been discriminated against on the basis of:
☑ Age  ☐ Ancestry  ☐ Color  ☐ Disability  ☐ Race  ☐ Religion
☐ Sex  ☑ Retaliation  ☐ Familial Status  ☐ National Origin  ☐ Veteran Status

What date did the alleged discriminatory act occur? (month, day, year)
January 3, 2020

How were you referred to the ICRC?
☑ Attorney / Lawyer  ☐ Government Agency  ☐ Friend  ☐ Advertisement  ☐ Brochure/Poster  ☐ Internet  ☐ Other

### GRIEVANCE OR OTHER ACTION FILED REGARDING THIS MATTER

Name of procedure or agency:
Date filed (month, day, year):
Status / Disposition:
Date of disposition (month, day, year):
Date of alleged discriminatory act (month, day, year):

Page 1 of 2

**EXHIBIT A**

STATEMENT OF ALLEGATIONS

On January 3, 2020 I was terminated.

I was discriminated against on the basis of my age, my birth date 12/28/1977 and retaliation.

Respondent informed me on the above mentioned date that I was being terminated due to making too many mistakes. Respondent never disciplined me nor mentioned me not performing my job requirements non satisfactorily. I filed many verbal complaints on my manager, Bill Mitchell, on many occasions. The most recent was in December 19, 2019, I went to HR complaining about age discrimination and retaliation from Bill. Respondent favored two of my similarly situated younger coworkers both early 30's. He treated me different and did not give me the opportunities he gave them, (ex. providing job tools, investment in their position) and he would also meet with them weekly or twice a week and I only got a monthly meeting.

I am seeking all available remedies under The Indiana Civil Rights Law, Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, as amended.

### AFFIRMATION

I affirm, under the penalties for perjury that the foregoing representations are true.

Signature of complainant: *Angela M Mullins*

Date (month, day, year): 04/07/20

---

**FOR OFFICE USE ONLY** (DO NOT WRITE BELOW THIS LINE.)

How was intake inquiry received?
☑ Telephone  ☐ Walk-in  ☐ Web  ☐ Other: _____

Intake taken by: DW 3/31/2020

Assign to:

Date (month, day, year):

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Angela Mullen<br>12018 Kimball Run<br>Fort Wayne, IN 46845 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24F-2020-00871 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  For:    9/8/20
Enclosures(s)                         (Date Mailed)

Michelle Eisele,
District Director

c:  Lisa Handler Ackerman          Kevin Podlaski
    Attorney at Law                PODLASKI LLP
    55 West Monroe St., Suite 3800 111 W Berry St
    Chicago, IL 60603              Suite 211
                                   Ft Wayne, IN 46802

# EXHIBIT B

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO: |

ANGELA MULLEN            )
                         )
        Plaintiff,       )
                         )
v.                       )
                         )
WILLIAM MITCHELL, and    )
MJC ACQUISITION, LLC d/b/a )
MATILDA JANE CLOTHING    )
                         )
        Defendants.      )

## JURY DEMAND

COMES NOW, Plaintiff, Angela Mullen, by counsel, and pursuant to Indiana Rules of Trial Procedure 38, demands a trial by jury for all issues so triable.

Respectfully submitted,

**PODLASKI LLP**

_____
Kevin P. Podlaski, #25168-02
Nicholas A. Podlaski, #32412-02
Tyler J. Soellinger, #35600-02
111 W. Berry St., Suite 211
Fort Wayne, IN 46802
PH: (260) 782-1712
kevin@podlaskilegal.com
nick@podlaskilegal.com
tyler@podlaskilegal.com
*Attorneys for Plaintiff*